UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| EDMOND H. BOCTOR,<br>MICHELLE BOCTOR,<br>　　　　　　　　　　　　Plaintiffs,<br>　　v.<br><br>KATHLEEN CZEKUS,<br>CRETE CARRIER CORPORATION,<br>　　　　　　　　　　　　Defendants. | **DECISION**<br>**and**<br>**ORDER**<br><br>**10-CV-307S(F)** |

_____

APPEARANCES:　　MAGAVERN, MAGAVERN & GRIMM
　　　　　　　　　　　Attorneys for Plaintiffs
　　　　　　　　　　　THERESA E. QUINN, of Counsel
　　　　　　　　　　　1100 Rand Building
　　　　　　　　　　　14 Lafayette Square
　　　　　　　　　　　Buffalo, New York　14203

　　　　　　　　　　　MARCELLO & KIVISTO, LLC
　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　DOUGLAS MARCELLO, of counsel
　　　　　　　　　　　1200 Walnut Bottom Rd.
　　　　　　　　　　　Carlisle, Pennsylvania　17013

　　　　　　　　　　　WATSON BENNETT COLLIGAN JOHNSON & SCHECHTER LLP
　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　JOEL B. SCHECHTER, of Counsel
　　　　　　　　　　　12 Fountain Plaza,　Suite 600
　　　　　　　　　　　Buffalo, New York　14202

　　　　By papers filed March 15, 2011, Defendants moved to compel production of executed releases and responses to deposition questions (Doc. No. 16).  Following oral argument held on April 12, 2011, decision was reserved regarding the materials obtained as a result of the signed releases (Doc. No. 25).  On September 29, 2011, Plaintiff's medical records were submitted to the court for an *in camera* review.   Plaintiff provided the court with a three-ring binder with sixteen numbered tabs covering

Plaintiff's medical treatment over a 29 year period.[1]

New York's physician-patient privilege, applicable in this diversity action, Fed.R.Evid. 501, that ordinarily shields medical records from public disclosure is waived when a party puts his physical condition in issue.  N.Y. C.P.L.R. § 3121(a)[2] (providing, as relevant, that after commencing action in which the physical condition of a party is in controversy, any party may serve notice on another party to submit to a physical examination by a designated physician, and to duly execute and acknowledge written authorizations permitting all parties to obtain and make copies of the records of specified hospitals relating to such physical condition); *Cynthia B. v. New Rochelle Hospital Medical Center*, 458 N.E.2d 363, 364-65 (N.Y. 1983) (holding when party moves to compel disclosure of medical records, treating hospital, physician, or other custodian of medical records may request protective order on ground that disclosure might be seriously detrimental to patient's interests regardless of fact that patient, by commencing litigation, waived physician-patient privilege).  Nevertheless, a custodian of medical records may seek a protective order limiting the production of medical records to those that are material and relevant to the prosecution or defense of the action. *Cynthia B.*, 458 N.E.2d at 366.  New York's Court of Appeals has specifically held that a patient's waiver of the physician-patient privilege should not automatically and necessarily require the disclosure of all of the patient's medical records. *Id*. at 368.  Rather, "the need for discovery must be reconciled with the need to protect a patient

---

[1] The binder will be retained by the court to facilitate potential judicial review; if no such review is timely sought, Plaintiff shall promptly arrange for its return to Plaintiff's attorney's office.

[2] McKinney's 2004.

from the potential detrimental effects of disclosing [his medical] records [pertaining to conditions other than those at issue in the pending litigation]." *Id*. (bracketed material added).  As such, "a court must strike a balance by weighing these conflicting interests in light of the facts of the particular case before it." *Id*.

Weighing Plaintiff's right to privacy in his medical records with Defendants' need to prepare a defense to this action, the court has carefully reviewed each document submitted for *in camera* review.  Based on this review, the court finds the following documents shall be provided to the Defendants as material to Plaintiff's claims.

Tab 1   No documents shall be provided.

Tab 2   No documents shall be provided.

Tab 3   No documents shall be provided.

Tab 4   No documents shall be provided.

Tab 5   No documents shall be provided.

Tab 6   Report by Michael Chaskes, MD dated October 3, 2008 (Page 1)
Report by Michael Chaskes. MD dated January 7, 2009 (Pages 1 and 2)
Report by Michael Chaskes, MD dated July 14, 2009 (Page 2)
Report by Thomas P. Smith, Jr., MD dated February 15, 2010 (Page 2)
Report by Michael Chaskes, MD dated March 12, 2010 (Page 1)
Report by Michael Chaskes, MD dated April 20, 2010 (Page 1)
Report by Michael Chaskes, MD dated July 13, 2010 (Page 1)
Report by Michael Chaskes, MD dated November 16, 2010 (Page 1)

Tab 7   Kaleida Progress Note dated March 12, 2010 (page 2) (limited, by redaction as highlighted by the court, to references to Plaintiff's back pain)
Kaleida Progress Noted dated March 12, 2010 (page 1)

Tab 8   No documents shall be provided.

Tab 9   No documents shall be provided.

Tab 10  No documents shall be provided.

Tab 11        No documents shall be provided.

Tab 12        No documents shall be provided.

Tab 13        No documents shall be provided.

Tab 14        No documents shall be provided.

Tab 15        No documents shall be provided.

Tab 16        Office visit report dated November 4, 2002 (1 page)
              Office visit report dated June 10, 2008 (1 page)
              Telephone Inquiry dated August 27, 2008 (1 page)
              Office visit report dated August 28, 2008 (1 page)
              Office visit report dated September 4, 2008 (1 page)
              Office visit report dated September 15, 2008 (2 pages)
              Telephone message dated October 17, 2008 (1 page)
              Medical excuse dated October 17, 2008 (1 page)
              Telephone message dated October 16, 2008 (1 page)
              Office visit report dated December 15, 2008 (1 page)
              Office visit report dated September 8, 2009 (1 page)
              Office visit report dated June 17, 2009 (1 page)

## CONCLUSION

Defendants' request for Plaintiff's medical records is GRANTED in part, and DENIED in part. Plaintiff shall provide copies of the documents referred to above under Tabs 6, 7, and 16 **within 10 days** of this Decision and Order.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
            LESLIE G. FOSCHIO
      UNITED STATES MAGISTRATE JUDGE

Dated: October 17, 2011
       Buffalo, New York